■ JOYCE KITTINGER, Appellant, v. HOTEL ST. GEORGE CORPORATION, Respondent.— In an action to recover damages for personal injuries, plaintiff appeals: (1) from an order of the Supreme Court, Kings County, dated March 7, 1960, made on reargument, which adheres to the original decision granting defendant's motion to dismiss the complaint for lack of prosecution, and which dismisses the action; and (2) from a judgment of said court, dated March 28, 1960, which dismisses the action on the basis of said order. Order and judgment affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Ughetta, Christ and Pette, JJ., concur; Brennan, J., not voting.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINICK ARAGONA, Appellant.— Appeal by defendant from an order of the County Court, Queens County, dated June 28, 1957, denying after a hearing his *coram nobis* application to vacate a judgment of said court rendered June 2, 1924, convicting him, on his plea of guilty, of the crime of forgery in the second degree. Order affirmed. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES BANKS, Appellant.— The defendant appeals from a judgment of the County Court, Dutchess County, rendered January 13, 1958, after a jury trial, convicting him of burglary in the third degree, grand larceny in the second degree, and conspiracy as a misdemeanor, and sentencing him to serve 5 to 10 years on the burglary count, and not imposing any sentence on the other counts. Judgment affirmed. No opinion. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT PALMIERI, Appellant.— Appeal by defendant from a judgment of the County Court, Queens County, rendered May 19, 1959, after a jury trial, convicting him of burglary in the third degree and petit larceny and sentencing him to serve an indefinite term. Defendant is presently at liberty, on bail, by virtue of a certificate of reasonable doubt issued April 25, 1960. Judgment reversed on the law and the facts, and new trial granted. In instructing the jurors as to the right and duty of each individual member of the jury to reach his own determination on the evidence, the Trial Justice made an unfortunate choice of language which could have given the jurors the erroneous understanding that defendant's *innocence* must appear beyond a reasonable doubt. Notwithstanding that here such instruction may not be reviewed as an error of law (cf. *People* v. *Cohen*, 5 N Y 2d 282, 290), we are of the opinion that under all the circumstances justice requires a new trial, particularly since the People's case is dependent upon proof of identification by a single witness. (Code Crim. Pro., § 527.) Ughetta, Kleinfeld, Christ and Pette, JJ., concur; Beldock, Acting P. J., dissents and votes to affirm, with the following memorandum: In my opinion, the identification of the defendant and his proffered alibi present pure questions of fact. As to the erroneous charge, not only did defendant fail to take exception to it, but he affirmatively acquiesced in it. Under all the circumstances such error did not affect any substantial right of the defendant and must be disregarded (Code Crim. Pro., § 542).